Gibson, J.,
dissenting. The Morgan County Budget Commission has appealed directly to this court from an order of the Board of Tax Appeals which directs the commission to correct certain irregularities in the Morgan County budget for 1963. The order here in question resulted from an investigation conducted by the board under its general investigatory and supervisory authority following a request for such investigation by a taxpayer.
In my opinion, the sole question here is whether the budget commission has the right to appeal to this court from the order by the board. The answer to this question necessarily involves (1) a determination of the nature of the proceeding in which such order was issued, and (2) whether a right of appeal is provided by statute.
The board has statutory authority to supervise and investigate the actions of local taxing authorities in levying and collecting taxes. See Sections 5703.02, 5703.04, 5715.29, 5715.37 and 5715.38, Revised Code. Clearly, the investigatory power may be exercised by the board on its own motion.
Where, as here, these investigatorial powers are initiated by the complaint of a taxpayer, such fact does not and can not make the taxpayer a party to these proceedings.
In this investigation, the board was merely performing its statutory duty to supervise the fiscal affairs of local taxing authorities. If the power to supervise and investigate which is expressly conferred upon the board is to be effective, the board, by necessary implication, must have concomitant authority to issue orders directing the correction of illegalities discovered in the course of its investigation. The power to investigate is useless without the power to order correction.
The right to appeal to this court from orders of the Board *231 of Tax Appeals is delineated by Section 5717.04, Bevised Code. An examination of this section shows that it is primarily concerned with appeals from appeals to the hoard, in other words, where the board has exercised appellate or judicial powers. The only part of this section which could possibly relate to the present order reads as follows:
“Appeals from decisions of the board upon all other appeals or applications filed with and determined by the board may be instituted by any of the persons who were parties to such appeal or application before the board, by any persons to whom the decision of the board appealed from was by law required to be certified, or by any other person to whom the board certified the decision appealed from, as authorized by Section 5717.03 of the Bevised Code.”
The instant case not being an appeal from a decision of the board upon an appeal to it, the question arises as to whether this is an appeal from a decision of the board upon an application filed with and determined by the board within the meaning of Section 5717.04. It would seem that “applications” as used in this section necessarily contemplate applications which are filed under the authorization of statute for the direct benefit of the applicant. See, e. g., Section 5713.08, Revised Code, regarding applications for exemption of property under the provisions of Chapter 5709, Bevised Code. Such is not the status of the application here. The board acted on its own initiative and the fact that the necessity of an investigation was brought to the board’s attention by the complaint of a taxpayer does not bring the complaint of the taxpayer within the purview of the term “applications” as used in this section.
Nowhere in Section 5717.04, Bevised Code, is provision made for an appeal to this court from an order of the Board of Tax Appeals issued as a result of its investigatory jurisdiction over the fiscal affairs of a local subdivision. Further, although the board is an “agency” under Chapter 119, Bevised Code, the Administrative Procedure Act, there is no provision for direct appeal to this court from any rule, regulation or order of the board; in fact, the Department of Taxation is expressly exempt from Section 119.12, Bevised Code, which provides for appeals from adjudication orders. In the absence of a statute provid *232 ing therefor, no appeal may be taken to this court from an order of the Board of Tax Appeals promulgated under its general investigatory and supervisory jurisdiction over the fiscal affairs of local subdivisions.
Should a local subdivision refuse to comply voluntarily with an order of the Board of Tax Appeals, the board may resort to the courts to compel obedience. See, e. g., Sections 5703.39 and 5715.31, Revised Code, which provide in essence that orders of the board may be enforced by mandamus, injunction or other appropriate remedy, and Section 5715.38, Revised Code, which provides that the board may institute proceedings to remedy improper or negligent administration of the tax laws. When the board resorts to the courts for the enforcement of its order, the local subdivision may question the validity of such order. A complete review of the board’s action may be had at that time.
There being no statutory right to appeal from the order of the Board of Tax Appeals in the instant ease, the appeal should be dismissed.
Matthias, J., concurs in the foregoing dissenting opinion.